ALLEN PIERSE *v.* CHARLES BLUNT—Curators of OAKEY, Intervenors.

A person in possession under the first recorded title in the parish where the land is situated, must be quieted in his possession, unless the claimant have a superior title.

APPEAL from the Tenth District Court of the Parish of Madison, *Farrar,* J. Goodrich & Defrance, Hynes, and Mott & Frazer, for intervenors and appellants. Snyder & Montgomery, for defendant and appellee.

MERRICK, C. J. The plaintiff instituted a petitory action against the defendant to recover about 667 acres of land in the parish of Madison.

The plaintiff having sold out his pretensions to the defendant, the controversy is now between the defendant and intervenors.

As we shall decide the case upon a single point raised by the defendant, we shall only state so many of the facts as are necessary to the decision of the point.

Both parties claim through one *Juan Mausol,* who being in possession of a Spanish grant, obtained a confirmation and title from the government of the United States.

There are in the record what purports to be three chains of title from *Mausol,*

44

The defendant, who is in possession of the land now in controversy, holds one, and the intervenors both of the others.

As the *Mausol* tract lies in two parishes, and the conveyances have been of the whole tract, the question which we have to consider, is the question of priority of registry.

The *Mausol* grant contains 1334 14–100 acres of land, divided equally by the Bayou Maçon, between the parishes of Madison and Caroll, and consequently giving about 667 acres to each parish.

The defendant and his vendee have, until recently, treated the whole tract as within the parish of *Madison*. The intervenors as in the parish of *Carroll*. Both parties have busied themselves about the title ; the intervenors, by an application to the government at Washington, for a back concession. The defendant, by presuming the actual survey and tracing out the lines.

The oldest deed in intervenors chain of title, (the price being $225,) purports to be dated in 1827, yet was never recorded until the 13th day of December, 1839, and then only in the parish of *Carroll*. The oldest deed in defendants' title (the price being $1,500) was recorded on the 29th day of June, 1840, (six-and-a-half months after intervenors,) but only in the parish of *Madison*.

So far as the defendant and intervenors are concerned, it cannot be pretended that the latter have superior equities.

The defendant, then, who has the land in the parish of Madison in possession under a recorded title, and who has, in good faith, improved the same, must be maintained in possession, unless intervenors have a superior legal title.

The intervenor's title was not recorded in the parish of *Madison*, where the land in controversy is situated, until after defendant's title was recorded. The law is express that in order to effect " lands or other immovable property," the act of sale must be recorded in the parish " where the lands or other immovable estates are situated." See Act of 1813, 2 Moreau, p. 287.

The law does not say, that where lands are situated in two or more parishes, it is sufficient to record in either. It says, that the act of sale shall be recorded in the parish where they are situated. Six hundred and sixty-seven acres of these lands, perhaps the most valuable and sufficient for a plantation, were in the parish of Madison. Directly across, a deep bayou which can only be crossed by a ferry, lie six hundred and sixty-seven acres of this same original grant, in the parish of Carroll. Now, as courts of justice are not permitted to distinguish where the law does not distinguish, we are unable to discover any good reason why the recording of an act of sale in one parish, should effect an equal body of lands in another.

When the defendant's vendor purchased of *Mausol*, the whole tract was supposed to be in the parish of Madison. It was enough for him to examine the records of that parish, and his prior registry must protect him as to the lands embraced in his title, lying in the limits of the parish last named.

Judgment affirmed.

COLE, J., absent.